UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY HALL, | No. 2:15-cv-2267 CKD P |
| Plaintiff, | |
| v. | ORDER |
| GURDEEP SAHOTA, et al., | |
| Defendants. | |

I. Introduction

     Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of a magistrate judge to conduct all proceedings in this action. (ECF No. 5.)

     Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

III. Allegations

Plaintiff names as defendants the Chief Medical Officer, a doctor, and two nurses at California State Prison-Sacramento. He alleges that, while housed at the CSP-Sac in 2014, he "began suffering the effects of sickle cell-related priapism on and off for approximately three weeks." (ECF No. 1 at 3.) In the week prior to May 9, 2014, plaintiff was sent to two local hospitals for this condition. (Id. at 5.) A hematologist instructed that plaintiff be sent to the emergency room if an episode of painful priapism lasted for four hours. (Id. at 3-4.)

Briefly, plaintiff alleges as follows:

Defendants Nurse Joerns, Nurse Kelly, Dr. Nangalama, and Dr. Sahota were deliberately indifferent to his serious medical needs during an eight-hour episode of painful priapism, chest pains, and trouble breathing on May 9, 2014. Four hours into the episode, plaintiff was taken to the Facility B medical treatment and triage area, where Dr. Nangalama prescribed medication and ordered an EKG. When plaintiff's symptoms persisted, he was escorted to Facility A to be examined by Dr. Sahota, who stated that plaintiff's EKG was normal, consulted an outside urologist, and prescribed additional measures which did not relieve plaintiff's symptoms.

When plaintiff's symptoms persisted, Dr. Sahota sent him to San Joaquin General Hospital, one hour away, on a non-emergency basis. At the hospital, plaintiff was diagnosed with Acute Chest Syndrome and Priapism. Within 24 hours, he was sent via ambulance to U.C. Davis Medical Center, where he stayed for four weeks and underwent three surgeries on his penis. The urologist at U.C. Davis Medical Center noted that plaintiff had waited too long before seeking help. As a result of the delay in being hospitalized for his symptoms, plaintiff has suffered erectile and urination problems for over a year.

IV. Medical Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

1  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

2  In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Liberally construing the complaint, the undersigned finds it states Eighth Amendment claims against Dr. Nangalama and Dr. Sahota for failing to follow a medical directive to send plaintiff to the hospital if he experienced painful priapism for more than four hours.  Plaintiff does not state a cognizable claim against Kelly and Joerns, as his allegations at most amount to

4

negligence or a dispute about the proper course of treatment.  However, plaintiff will have an opportunity to amend the complaint.

V. <u>Leave to Amend</u>

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above.  Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss defendants Kelly and Joerns with prejudice.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Kelly and Joerns are dismissed with leave to amend;

2. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

3. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

4. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated:  February 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hall2267.14.new